# George G. Way, Appt., *v.* Charles C. Haines et al.

Mrs. H held a mortgage on her brother W's land. Her husband, H, represented to W that Mrs. H was unhappy because the title to the property was in W, and was afraid that by some complication she would lose her money. H therefore urged W to convey the land to A, who was an uncle of W and Mrs. H, in trust for Mrs. H; and promised that if W wanted at any time the money he had invested in the property they would raise it and give it to him. Upon the faith of these representations, supposing the conveyance to be in trust for Mrs. H and anxious to relieve her mind, W executed the papers and afterward discovered that the conveyance was absolute. A conveyed to M. M mortgaged the property to S and conveyed to B. B conveyed to McF, who was a bona fide purchaser for value without notice. W then filed a bill against H, Mrs. H, S, and B, setting forth the facts and praying discovery by S and B; a decree declaring H and Mrs. H trustees for W; and account and payment by H and Mrs. H. *Held,* that the bill could not be maintained.

(Argued January 25, 1887. Decided February 7, 1887.)

NOTE.—Where a bill asks for discovery and relief, and the complainant's interest is denied by the answer, the right to the relief must be established before discovery can be granted. Portuondo v. Faunce, 9 W. N. C. 539; Campbell v. Knowles, 13 Phila. 163.

January Term, 1887, No. 52, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of Common Pleas No. 13 of Philadelphia County dismissing on demurrer a bill in equity. Affirmed.

The bill filed May 25, 1886, by George G. Way against Charles C. Haines and Anna M., his wife, Daniel H. Buck, and E. Cooper Shapley, alleged the following facts:

Way came to Philadelphia in 1875 and, under the advice and direction of Haines, made $10,000—$7,000 of which he loaned to Haines in 1880.

In November, 1879, Way was induced by Haines to buy from one Kern a lot of ground at Eighteenth and North streets for $750 in cash and a mortgage thereon of $12,000. Way had no money; Haines built a stable on the lot, at a cost of $21,500. Mrs. Haines, who was Way's sister, advanced $14,500 of the money, and Haines paid the other $7,000.

Way and Mrs. Haines went into the livery stable business in 1880, and dissolved the firm in 1881. Way executed a mortgage to Mrs. Haines for $14,500 for her interest. He assumed all outstanding indebtedness, and continued the business.

In October, 1881, Haines represented to Way that Mrs. Haines was very unhappy because the title to the stable was in Way, and that she feared complications in the future by which they might lose their money. Haines therefore urged Way to convey the property to George D. Ashbridge, his uncle, in trust for Mrs. Haines, promising that if Way wanted the money he had invested in the property they would raise the amount and let him have it.

Upon the faith of these representations, and supposing that the proposed conveyance was to be in trust for Mrs. Haines, and upon the faith of receiving his interest if he needed it, and confident that he would be safe in making such a conveyance, and also anxious to relieve the mind of his sister, if such a transaction would relieve her, he executed the papers without examination and without consideration, but afterward learned that the conveyance was absolute, and not in trust for Mrs. Haines.

July 15, 1885, Ashbridge conveyed to Mahoney, who executed two mortgages amounting to $45,000, one of them for $25,000 to Shapley, and then, on July 21, 1885, conveyed to Buck. On December 21, 1885, Buck conveyed to McFadden.

The bill charged that Ashbridge paid no money for the conveyance; that it was procured by deceit and fraudulent misrepresentation, for the purpose of cheating plaintiff out of his interest in the property; that the subsequent conveyances were for the purpose of hindering, delaying, and defrauding plaintiff and other creditors of Haines; that the sale to McFadden was bona fide and was for the benefit of Haines or Haines and wife; and that none of the parties had any interest in the property that was not in trust for Haines or his wife or both.

The bill prayed discovery by Buck, discovery by Shapley, that Haines and wife be decreed trustees for the plaintiff, that they account and pay plaintiff any balance found due to him.

The defendants demurred to the whole bill because: (1) The plaintiff had an adequate remedy at law; (2, 3) the bill stated no facts sufficient to make Anna M. Haines, Buck, and Shapley defendants; (4) if the bill showed any ground of equitable jurisdiction, it was defective for want of proper parties in not joining Ashbridge as a defendant; (5) the bill disclosed no case for equitable relief; (6) the bill alleged that plaintiff loaned $7,000 to Haines, but does not allege that it was not returned; (7) the bill alleged that plaintiff conveyed the property to Ashbridge, upon the representation by Haines that his wife, who was plaintiff's sister, was very unhappy because the title was in plaintiff, and that she feared complications in the future by which they might lose their money, but did not aver that such representations were untrue, nor show any such relation between the parties as would involve equitable jurisdiction; (8) while the bill shows that if the conveyance was in trust for Anna M. Haines it was satisfactory to plaintiff, and that the conveyance was absolute to Ashbridge and was not in trust for Anna M. Haines, yet it avers that "neither Ashbridge, Mahoney, Shapley, or Buck had any interest in the said real estate that was not in trust or confidence for the said Haines or his wife or both;" (9) the bill alleges that the entire interest in the property above the Kern mortgage was vested in Anna M. Haines and in plaintiff, and yet in attempting to show ground for equitable jurisdiction it charges that the conveyances subsequent to the conveyance to Ashbridge were for the purpose of hindering, delaying, and defrauding plaintiff and other creditors of some other person, *viz.,* Haines; (10) if the bill was intended to be a bill of discovery only, it was defective in not establishing the plaintiff's right

to any claim against Haines, or to any subject-matter of the
suit; (11) if the bill was intended to be a bill for both relief
and discovery, it was defective in that a prayer for relief cannot
be joined with a prayer for discovery; (12) if, as alleged in
the bill, the conveyance to Ashbridge was intended to be for the
benefit of Anna M. Haines, but had been in any manner diverted
by Ashbridge, the right to complain rested with her alone, and
there was no equity in plaintiff to entitle him to maintain the
bill; and (13) the bill admitted the valid conveyance to McFad-
den, and therefore sought no relief as to the real estate and
asserted a claim against no one but Haines.

The court below sustained the demurrer and dismissed the bill.
This was assigned as error.

*John Walker Shortlidge,* for appellant.—Equity has jurisdic-
tion because the complaint alleges the loss of property by fraud,
and asks for discovery and an account. The bill discloses the
conveyance of valuable real estate, procured through deceit and
misrepresentation without any consideration for certain specific
trusts of which there has been a breach; and it shows such a state
of affairs that there is no remedy, adequate or otherwise, in a
court of law.

Jurisdiction in equity depends not so much on the want of a
common-law remedy as upon its inadequacy, and its exercise is
a matter which often rests in the discretion of the court; in other
words, the court may take upon itself to say whether the common-
law remedy is, under all the circumstances and in view of the
conduct of the parties, sufficient for the purposes of complete
justice, or whether the intervention of chancery may not for
that purpose be required and beneficially applied. Bispham, Eq.
§ 484.

Where the allegation is not only of a trust and that in favor
of a married woman, but of a fraudulent disposition of the trust
property, the propriety of the interference of a chancellor is
made manifest. Bierbower's Appeal, 107 Pa. 17.

Where, in addition to this, there is a charge against another
party, not in the original transaction, who assisted in the fraudu-
lent disposition of the property, certainly no adequate or certain
remedy can be found except in equity. Ibid.; Kirkpatrick v.
M'Donald, 11 Pa. 387; Conyngham's Appeal, 57 Pa. 474; Long
v. Perdue, 83 Pa. 214.

The relations of Way and Haines and his wife were even more confidential than those of attorney and client or principal and agent. Any act or contract, although not originating in any evil design or contrivance to injure another, yet tending to deceive and mislead, or violate private confidence, is a constructive fraud and prohibited by law. Constructive fraud often exists when the parties to the contract have a special confidential or fiduciary relation, which affords the power and means to one to take undue advantage or exercise undue influence over the other. Darlington's Appeal, 86 Pa. 518, 27 Am. Rep. 726.

The rule is founded upon a motive of general policy, and is designed to protect a party, so far as may be, against his own overweening confidence and self-delusion, the infirmities of a hasty judgment, and even the impulse of a too sanguine temperament; and in enforcing the rule courts of equity act irrespective of any admixture of deceit, imposition, over-reaching, or other positive fraud. Worrall's Appeal, 110 Pa. 349, 7 Atl. 380, 765; Greenfield's Estate, 14 Pa. 505; 3 Lead. Cas. Eq. 145; Hatch v. Hatch, 9 Ves. Jr. 297; Wood v. Downes, 18 Ves. Jr. 126; Welles v. Middleton, 1 Cox Ch. Cas. 125; Wright v. Proud, 13 Ves. Jr. 137; Miskey's Appeal, 107 Pa. 631; Hoghton v. Hoghton, 15 Beav. 278; Rhodes v. Bate, L. R. 1 Ch. 252; Savery v. King, 5 H. L. Cas. 627; Comstock v. Comstock, 57 Barb. 453; Boyd v. De La Montagnie, 73 N. Y. 498, 29 Am. Rep. 197; Boyd v. Boyd, 66 Pa. 283; and Cuthbertson's Appeal, 97 Pa. 163.

Ashbridge had parted with the title to the estate, and never having been the custodian of its product or price as shown by the records recited in the bill, it follows that no decree could be made against him, and his joinder as a codefendant would have been entirely nugatory, without purpose and without result, and consequently unnecessary. Wilkinson v. Dodd, 40 N. J. Eq. 123, 3 Atl. 360.

*E. Cooper Shapley,* for appellees.—There is here no trust, either technical, resulting, or *ex maleficio.* Yeager's Appeal, 100 Pa. 88.

A mere witness ought not to be made a party to a bill, although the plaintiff might deem his answer more satisfactory than his examination; for he has no interest in the cause, and no decree can be had against him; nor would his answer be evidence

against his codefendant. And he ought not to be harassed by the trouble or expense of a litigation, in respect to which he has nothing to gain or to lose. Story, Eq. § 234.

A person is not properly a party to a suit, between whom and the plaintiff there is no proper privity or common interest, but his liability, if any, is to another person. Story, Eq. §§ 227, 231.

Where a bill seeks a general account upon a charge of fraud, it is not sufficient to make such charge in general terms; but it should point out and state particular acts of fraud. Story, Eq. § 251; Frietas v. Don Santos, 1 Younge & J. 574.

A bill intended to affect the real estate will be dismissed as an ejectment bill. Triscuit's Appeal, 13 W. N. C. 57; Richard's Appeal, 100 Pa. 51.

A bill will also be dismissed if its principal object is to recover damages for an alleged fraud in making the contract. Mackintosh v. Tracy, 4 Brewst. (Pa.) 59.

Where the accounting is all on one side, and is only a basis for ascertaining damage, and no discovery is asked, equity will decline jurisdiction. Pittsburgh & C. R. Co.'s Appeal, 99 Pa. 177; Passyunk Bldg. Asso.'s Appeal, 83 Pa. 441; Kauffman's Appeal, 55 Pa. 383.

Failure to read an instrument is no ground for relief. Story, Eq. 13 ed. 1866, p. 216, Bigelow's note.

Where the interference of a court of equity is sought, the plaintiff should not only clearly show his title and right to demand the assistance of the court in his favor; but also that the case is one of which the court has jurisdiction, and to which it ought to apply its remedial justice. If this is not done, the suit is fatally defective, and the bill must fail. Story, Eq. § 290.

Bierbower's Appeal, 107 Pa. 14, turned on the question of equitable jurisdiction where there was a trust *ex maleficio*.

If a bill should in one part state an agreement and in another charge that there was not an agreement but only an understanding, the plaintiff thereby in effect admits that there was no agreement, and therefore his bill will be demurrable for want of certainty. Story, Eq. § 249a; Morris v. Morgan, 10 Sim. 341.

PER CURIAM:

All the facts averred in the bill are insufficient to maintain it.

The learned judge therefore committed no error in sustaining the demurrer.and in dismissing the bill.

Decree affirmed and bill dismissed, at the costs of the appellant.